**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE MARK A. BARNETT, JUDGE**

HYUNDAI ELECTRIC & ENERGY SYSTEMS CO., LTD.,

Plaintiff,

v.

UNITED STATES,

Defendant,

and

ABB INC. AND SPX TRANSFORMER SOLUTIONS, INC.

Defendant-Intervenors.

Court No. 20-00108

# NON-CONFIDENTIAL

**Business Proprietary Information has been deleted from Page 2 and from Attachments 1 and 2.**

## PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD

Pursuant to Rules 7(b) and 73.2 of this Court, Plaintiff Hyundai Electric & Energy Systems Co., Ltd. ("Hyundai") moves to supplement the record with documents that it presented to, and that were reviewed by, the Department of Commerce ("Department") at verification during the sixth administrative review ("POR6") of the antidumping duty order covering large power transformers ("LPTs") from the Republic of Korea (Case No. A-580-867).

## I. BACKGROUND

Hyundai filed its complaint on May 27, 2020. ECF 13, 18. In accordance with Rule 73.2(a) of this Court, the Department filed the administrative record on July 6, 2020. *See* ECF 24. Upon review, counsel to Hyundai determined that the following two documents are missing from the record filed with the Court and is therefore moving to supplement the record:

- The test report for an LPT sold by Hyundai Corporation USA ("Hyundai USA"), which is provided in **Attachment 1** ("Test Report").
- A diagram of the nameplate for the same LPT, which is provided in **Attachment 2** ("Nameplate").

## II. ARGUMENT

### A. The Documents Are Part of the "Record for Review"

Under the standard of review set forth in 19 U.S.C. § 1516a(b)(1)(B)(i), the Court must evaluate the Department's decisions, in relevant part, on the basis of whether they are "unsupported by substantial evidence on the record." The statute defines the "record for review" as "all information ***presented to or obtained by***" the Department during the administrative proceeding. 19 U.S.C. § 1516a(b)(2)(A)(i) (emphasis added). Rule 73.2(a)(1) of this Court defines the record using identical language.

In the final results for POR6, the Department applied total facts available with an adverse inference ("AFA") to Hyundai, in part, on the grounds that it failed to provide documentation at verification demonstrating that an LPT sold by Hyundai USA was produced by Hyundai Power Transformers ("HPT") in Alabama. *See Large Power Transformers from the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2017-2018*, 85 Fed. Reg. 21827 (Apr. 20, 2020), accompanying *Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Large Power Transformers from the Republic of Korea; 2017-2018* at 7 (Apr. 14, 2020). Based on the alleged lack of documentation, the Department concluded that the LPT "was in fact produced in Korea" and that Hyundai had incorrectly omitted the sale from the US sales database. *Id.* at 7-8.

The documents provided in **Attachment 1** and **Attachment 2** contradict the Department's conclusion. As seen on pages 1 and 2 of **Attachment 1**, the Test Report was [ ]. Likewise, the diagram of the Nameplate for the LPT included in **Attachment 2** [ ].

Neither of these documents is on the administrative record transmitted by the Department to this Court. However, ***both documents were presented to, and reviewed by, the Department at verification***. To support these conclusions, we provide in **Attachment 3** and **Attachment 4** signed statements by Justin R. Becker of Sidley Austin LLP and Hyo Kung (Anna) Woo of Marks Paneth LLP, both of whom represented Hyundai at the verification of Hyundai USA. As Mr. Becker states in paragraph 5 of **Attachment 3**, Hyundai presented both the Test Report and a copy of the Nameplate to the Department officials conducting the verification. Further, as stated in paragraphs 6 and 7 of **Attachment 3**, a Department official reviewed both documents. However, despite the importance of these documents to the completeness test conducted with respect to the LPT, the verifiers declined at the end of verification to include the documents in the verification exhibits. Ms. Woo states the same facts in paragraphs 5 through 7 of **Attachment 4**.

Because the Test Report and Nameplate were "presented to" and reviewed by the Department during the POR6 review, they are part of the record.[1] *See* 19 U.S.C. § 1516a(b)(2)(A)(i); *Ass'n of Am. Sch. Paper Suppliers v. United States*, 34 C.I.T. 31, 33-34, 683 F. Supp. 2d 1317, 1320-21 (2010) ("*AASPS*"). As this Court has concluded, the "whole administrative record" is not necessarily limited to "those documents that the <u>agency</u> has compiled and submitted as 'the' administrative record. . . ." *F. LLi De Cecco Di Filippo Fara San Martino S.P.A. v. United States*, 21 C.I.T. 1124, 1128, 980 F. Supp. 485, 488 (1997) (quoting *Exxon Corporation v. Department of Energy*, 91 F.R.D. 26, 32-33 (N.D. Tex. 1981)) (emphasis original). Rather, "{t}he 'whole' administrative record . . . consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence

---

[1] The documents were also "obtained by" the Department during verification.

contrary to the agency's position." *Id.*[2] Therefore, the Test Report and the Nameplate should be added to the record that the Department transmitted to this Court.

**B. The Absence of the Test Report and Nameplate from the Administrative Record Would Frustrate Judicial Review of Count 3 of Hyundai's Complaint**

"A court considering a request to supplement an administrative record should determine whether supplementation of the record … {is} necessary in order not to frustrate effective judicial review." *AASPS*, 34 C.I.T. at 34, 683 F. Supp. 2d at 1321 (quoting *Axiom Resource Mgmt. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009) and *Camp v. Pitts*, 411 U.S. 138, 142, 93 S. Ct.1241, 36 L.Ed.2d 106 (1973)) (internal quotation marks omitted). In order for the Court to review whether the Department's determination was supported by substantial evidence, the Court must have access to the complete record. *See Nan Ya Plastics Corp. v. United States*, 6 F. Supp. 3d 1362, 1364 (Ct. Int'l Trade 2014) ("{W}hen reviewing agency determinations, findings, or conclusions for substantial evidence, the court assesses whether the agency action is reasonable given the record as a whole.") (citing *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1350-51 (Fed. Cir. 2006)).

In Count 3 of its Complaint, Hyundai challenges the Department's conclusion that it omitted a US sale (*i.e.*, that of the LPT produced by HPT in Alabama) from its US sales database. Specifically, Hyundai alleges that "the record demonstrates that the LPT in question was produced by HPT in Alabama" and "Hyundai cooperated to the best of its ability by providing all documentation during verification." Compl., ¶ 48. This Court's ability to fully

---

[2] In *Acciai Speciali Terni S.P.A. v. United States* ("*AST*"), this Court found that "*F.LLi De Cecco* has not been extended to cover a case involving materials rejected as untimely filed." 24 C.I.T. 1211, 1215 n.6, 120 F. Supp. 2d 1101, 1104 n.6 (2000). However, this case is clearly distinguishable from *AST*. In *AST*, the information in question (sales omitted from the respondent's questionnaire responses) was submitted ***for the first time*** after the governing regulatory deadline. *See id.*, 24 C.I.T. at 1212-13, 120 F. Supp. 2d at 1102-03. In this case, the information was presented and reviewed during verification.

consider Hyundai's claims would be frustrated if the Test Report and Nameplate were not on the record because the record would not be complete. Missing evidence precludes a determination of whether the Department's conclusion is supported by substantial evidence. *See Nan Ya Plastics Corp*, 6 F. Supp. 3d at 1364.

### C. The Court Should Also Consider this Motion Under the "Improper Behavior" Exception

A party may supplement the record when it "makes a strong showing of bad faith or improper behavior by agency decision makers." *Jacobi Carbons AB v. United States*, 222 F. Supp. 3d 1159, 1194 (Ct. Int'l Trade 2017) (quoting *AASPS*, 34 C.I.T. at 36, 683 F. Supp. 2d at 1322-23). Hyundai does not allege that the Department acted in bad faith.[3] Nevertheless, it was improper for the Department not to include the Test Report and Nameplate on the record, after having reviewed them at verification and knowing their importance as evidence of the origin of the LPT.[4] This provides the Court with an additional reason to grant Hyundai's motion.

To date, this Court has not explicitly defined "improper behavior" in this context. However, the requirement is based on the Supreme Court's language in *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420, 9 S. Ct. 814, 28 L. Ed. 2d 136 (1971), and a recent Supreme Court decision provides useful guidance regarding this standard. In *Dep't of Commerce. v. New York*, the Supreme Court found that a district court's decision to look beyond

[3] A showing of bad faith requires "clear and convincing evidence to overcome the ordinary presumption that the government has acted in good faith." *Seah Steel Vina Corp. v. United States*, 332 F. Supp. 3d 1314, 1320 (Ct. Int'l Trade 2017) (citing *SKF USA Inc. v. United States*, 29 C.I.T. 969, 971, 391 F. Supp. 2d 1327, 1329 (2005).

[4] The Court recently held that it was unreasonable for the Department "to refuse to consider . . . {a} document" presented at verification "when the document is readily available and highly relevant." *Linyi Chengen Imp. & Exp. Co. v. United States*, 433 F. Supp. 3d 1278, 1285 (Ct. Int'l Trade 2020) (citing *Mid Continent Steel & Wire Inc. v. United States*, 941 F.3d 530, 544-45 (Fed. Cir. 2019) ("Practical considerations might play a role in the reasonableness of Commerce's choice . . . . On the other hand, it can be unreasonable for an agency to refuse to obtain readily available, highly relevant information.").

the official administrative record on the basis of alleged "improper behavior" was "ultimately justified" because, once expanded, the record "tells a story that does not match the explanation the Secretary gave for his decision." 139 S. Ct. 2551, 2574-75, 204 L. Ed. 2d 978 (2019).

Here, a review of the full administrative record, including the Test Report and Nameplate, shows the impropriety of the Department's decision to exclude these documents from the record. The information contained in the documents supports the conclusion that the LPT was produced by HPT in Alabama, which is inconsistent both with the Department's conclusion that the LPT was produced in Korea, and the Department's claim that Hyundai failed to provide documentation demonstrating that the LPT was produced in Alabama. *See id.*, 139 S. Ct. at 2575, 204 L. Ed. 2d at 1004 ("{V}iewing the evidence as a whole . . . . Several points, considered together, reveal a significant mismatch between the decision the Secretary made and the rationale he provided."). Accordingly, the Department's decision to exclude these documents was improper, and they should be added to the administrative record in this appeal.

**III. CONCLUSION**

We respectfully ask that the Court grant this motion for the foregoing reasons. A proposed form of order is attached.

Respectfully submitted,

/s/ David E. Bond
David E. Bond
William J. Moran
Ron Kendler

WHITE AND CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600

August 20, 2020

Counsel to Hyundai Electric & Energy Systems Co., Ltd.

CERTIFICATE OF COMPLIANCE

I, David E. Bond, certify that the attached motion complies with the word limitation requirement, as stated in the Court's August 10, 2020 Order (ECF 27). The word count for Hyundai's Motion to Supplement the Record, as computed by the White & Case word processing system (Microsoft Word 2016), is 1,780.

/s/ David E. Bond
David E. Bond