**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE MARK A. BARNETT, JUDGE**

| | |
|---|---|
| HYUNDAI ELECTRIC & ENERGY SYSTEMS CO., LTD.,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>ABB INC. AND SPX TRANSFORMER SOLUTIONS, INC.<br><br>Defendant-Intervenors. | Court No. 20-00108<br>**NON-CONFIDENTIAL**<br>**Business Proprietary Information has been deleted from Attachment 2 and Exhibit 1 thereto.** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD**

Pursuant to Rules 7(b) and (d) of this Court, Plaintiff Hyundai Electric & Energy Systems Co., Ltd. ("Hyundai") moves for leave to file a reply to Defendant's Opposition to Plaintiff's Motion to Supplement the Administrative Record (ECF 32, 33). Hyundai provides its proposed reply as **Attachment 2**.

## I. BACKGROUND

Hyundai filed its Motion to Supplement the Record ("Motion to Supplement") on August 20, 2020. ECF 28, 29. Defendant and Defendant-Intervenors filed their oppositions to Hyundai's Motion to Supplement on September 10, 2020. *See* ECF 32-35.

## II. ARGUMENT

Pursuant to Rule 7(d), a reply is permitted as a matter of right with respect to a dispositive motion. However, the Court has discretion to permit a reply with respect to a non-dispositive motion. *See, e.g., Retamal v. United States Customs & Border Prot.*, 439 F.3d 1372,

1377 (Fed. Cir. 2006) ("Absent leave of the court, the trial court's rules allow reply briefs only when a dispositive motion is at issue.") (citing *Volkswagen of Am. v. United States*, 22 C.I.T. 280, 281 n.1, 4 F. Supp. 2d 1259, 1261 n.1 (1998)). The Court has indicated that it will grant a motion for leave to reply if it is "well-grounded," *See Smith Corona Corp. v. United States*, 13 C.I.T. 96, 100 n.4, 706 F. Supp. 908, 911 n.4 (1989), or otherwise demonstrates meritorious claims. *See United States Steel Corp. v. United States*, 3 C.I.T. 170 (1982) (rejecting motion for "lack of merit"). The Court has granted motions to file a reply because "it is in the interest of the court to hear all parties' arguments expressed as thoroughly and clearly as possible." *Rhodia, Inc. v. United States*, 26 C.I.T. 1107, 1109 n.5, 240 F. Supp. 2d 1247, 1249 n.5 (2002) (citation omitted); *Borden, Inc. v. United States*, 22 C.I.T. 233, 248 n.11, 4 F. Supp. 2d 1221, 1235 n.11 (1998).

In this case, Hyundai believes that a reply is warranted to (1) highlight admissions by Defendant that certain of the documents identified in its Motion to Supplement were, in fact, presented to the Department of Commerce during the underlying review; and (2) identify inconsistencies in Defendant's opposition to Hyundai's Motion to Supplement, which cast doubt on the credibility of those statements and undermine the Government's argument that the documents identified in the Motion to Supplement should not be placed on the record. Hyundai is concerned that these admissions and inconsistencies may not otherwise be apparent to the Court.

## III. CONCLUSION

We respectfully ask that the Court grant this motion for the foregoing reasons. A proposed form of order is attached.

Respectfully submitted,

/s/ David E. Bond
David E. Bond
William J. Moran
Ron Kendler

WHITE AND CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600

September 14, 2020

Counsel to Hyundai Electric & Energy Systems Co., Ltd.