Slip Op. 20-153

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HYUNDAI ELECTRIC & ENERGY SYSTEMS CO., LTD., | |
| Plaintiff, | |
| v. | Before: Mark A. Barnett, Judge |
| UNITED STATES, | Court No. 20-00108 |
| Defendant, | **Public Version** |
| and | |
| ABB INC. AND SPX TRANSFORMER SOLUTIONS, INC., | |
| Defendant-Intervenors. | |

## <u>OPINION AND ORDER</u>

[Plaintiff's motions to supplement the record and for leave to file a reply brief are granted.  Defendant's request for leave to file a surreply or, in the alternative, for oral argument is denied.]

Dated: October 30, 2020

<u>David E. Bond</u>, <u>William J. Moran</u>, and <u>Ron Kendler</u>, White & Case LLP, of Washington, DC, for Plaintiff Hyundai Electric & Energy Systems Co., Ltd.

<u>Kelly A. Krystyniak</u>, Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States.  With her on the brief were <u>Jeffery Bossert Clark</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>L. Misha Preheim</u>, Assistant Director.  Of counsel on the brief was <u>David W. Richardson</u>, Senior Counsel, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

<u>R. Alan Luberda</u>, <u>David C. Smith</u>, and <u>Melissa M. Brewer</u>, Kelley Drye & Warren LLP, of Washington, DC, for Defendant-Intervenors ABB Inc. and SPX Transformer Solutions, Inc.

Barnett, Judge: This matter is before the court on Plaintiff Hyundai Electric & Energy Systems Co., Ltd.'s ("Hyundai") motion to supplement the administrative record in the U.S. Department of Commerce's ("Commerce" or "the agency") final results of the sixth administrative review of the antidumping duty order on large power transformers ("LPTs") from the Republic of Korea for the period of review August 1, 2017, to July 31, 2018 ("the POR"). *See* Confidential Pl.'s Mot. to Suppl. the R. ("Hyundai's Mot."), ECF No. 28; *see generally Large Power Transformers From the Republic of Korea*, 85 Fed. Reg. 21,827 (Dep't Commerce Apr. 20, 2020) (final results of antidumping duty admin. review; 2017–2018) ("*Final Results*"), ECF No. 24-4, and accompanying Issues and Decision Mem., A-580-867 (Apr. 14, 2020) ("I&D Mem."), ECF No. 24-5. Defendant United States ("the Government") and Defendant-Intervenors ABB Inc. and SPX Transformer Solutions, Inc. (together, "Defendant-Intervenors") oppose Hyundai's motion to supplement. *See* Confidential Def.'s Opp'n to Pl.'s Mot. to Suppl. the Admin. R. ("Gov't's Resp."), ECF No. 32; Confidential Def.-Ints.' Opp'n to Pl.'s Mot. to Suppl. the Admin. R. ("Def.-Ints.' Resp."), ECF No. 35.

Hyundai also filed a motion for leave to file a reply brief. *See* Confidential Pl.'s Mot. for Leave to File Reply to Def.'s Opp'n to Pl.'s Mot. to Suppl. the R. ("Hyundai's Mot. for Leave"), ECF No. 37. The Government filed a response to Hyundai's motion for leave in which it deferred to the court as to whether to grant the motion but requested that the court allow the Government to file a surreply to Hyundai's reply or, in the alternative, permit oral argument should the court grant Plaintiff's motion. *See* Def.'s Resp. to Pl.'s Mot. For Leave to File Reply ("Gov't's 2nd Resp."), ECF No. 39.

For the following reasons, the court grants Hyundai's motions for leave to file a reply and to supplement the record.  The court denies the Government's request for leave to file a surreply or for oral argument.

BACKGROUND

In the *Final Results*, Commerce relied on total adverse facts available (or "total AFA") to determine Hyundai's margin of 60.81 percent.  85 Fed. Reg. at 21,828. Commerce's reliance on total AFA was based, in part, on the agency's finding that Hyundai's U.S. sales database was incomplete.  I&D Mem. at 6.  Commerce "discovered [that] one LPT [] had been omitted from Hyundai's U.S. sales database, even though the associated documentation show[ed] that it was produced in Korea and is covered by the [POR]."  *Id.*  At issue are documents related to the sale of that LPT.

Hyundai stated that production for the LPT was transferred from Korea to the United States and, thus, its sales database was reliable.  *See id.* at 7.  At verification, a Commerce analyst requested information supporting this statement.  *See id.*; Statement of Joshua DeMoss Under 28 U.S.C. § 1746 ("DeMoss Decl.") ¶ 3, ECF No. 32-1. Hyundai provided two documents: a test report ("the Test Report")[1] and a nameplate document ("the Nameplate"), both related to the sale of the LPT.  *See* Statement of Justin R. Becker Under 28 U.S.C. § 1746 ("Becker Decl.") ¶¶ 5–6, ECF No. 28-2; DeMoss Decl. ¶ 3; Statement of John K. Drury Under 28 U.S.C. § 1746 ("Drury Decl.") ¶ 3, ECF No. 32-2; Hyundai's Mot. at 1, Attachs. 1, 2.  The Commerce analyst reviewed the documents and discussed them with another Commerce analyst at verification.  *See*

---

[1] The Test Report was issued by Hyundai Power Transformers, located in Alabama. *See* Hyundai's Mot at 2.

DeMoss Decl. ¶ 3; Drury Decl. ¶ 3.  The two Commerce analysts determined that the

documents did not contain information regarding where the LPT was produced and, for

that reason, did not include the documents as verification exhibits.  DeMoss Decl. ¶ 3;

Drury Decl. ¶ 3.

Commerce did not discuss either document in its determination.  *See* I&D Mem.

at 6–8 (discussing the basis for Commerce's finding that Hyundai failed to report that

the LPT at issue was produced in Korea and imported to the United State).  Commerce

did discuss other evidence related to this issue and determined that such evidence

failed to substantiate Hyundai's contention that the LPT was manufactured in the United

States.  *See id.*  Thus, Commerce found that Hyundai's failure to report the importation

and sale of this LPT undermined the reliability of Hyundai's U.S. sales database,

warranting total AFA.  *See id.* at 8, 14.

DISCUSSION

## I.  The Court Grants Hyundai's Motion for Leave to File a Reply

Absent leave of court, parties may not file a reply brief to a non-dispositive

motion.  *See* U.S. Court of International Trade ("USCIT") Rule 7(d); *Retamal v. United*

*States Customs & Border Prot.*, 439 F.3d 1372, 1377 (Fed. Cir. 2006) (noting that the

court may allow reply briefs for non-dispositive motions).  Here, Hyundai's proposed

reply brief aids the court's understanding of the disagreement between the Parties with

respect to the circumstances surrounding the presentation of the documents at

verification and Commerce's decision not to include them in the verification exhibits.

*See generally* Confidential Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. to Suppl. the R.

Court No. 20-00108                                                                      Page 5

("Hyundai's Reply"), ECF No. 37-2.  Thus, the court grants Hyundai's motion for leave to

file a reply brief.

    While the court grants Hyundai's motion for leave, the court denies the

Government's request to file a surreply or, in the alternative, oral argument to address

Hyundai's motion for leave.  The Government does not raise any objections to

Hyundai's motion but requests permission to file a response to Hyundai's reply should

the court grant Hyundai's motion.  Gov't's 2nd Resp. at 1–2.  Again, the court has

discretion whether to allow a reply—or in this case, a surreply—for non-dispositive

motions.  *See Retamal*, 439 F.3d at 1377.  The Government's contention that Hyundai's

reply contains new factual and legal assertions is unsubstantiated[2] and, thus, fails to

persuade the court to grant the Government's request.  *See* Gov't's 2nd Resp.

    The Government alternatively requested the opportunity to respond to Hyundai's

reply at oral argument.  Gov't's 2nd Resp. at 2.  However, the court has already

declined the Parties' proposal for oral argument on Hyundai's motion to supplement

during a teleconference regarding the Parties' proposed scheduling order.  *See* Order

(Aug. 10, 2020), ECF No. 27 (entering a scheduling order that does not provide for oral

argument on the motion to supplement as proposed the Parties' Proposed Scheduling

Order (Aug. 6, 2020), ECF No. 26-1).  Moreover, oral argument is unnecessary to the

court's ruling.

---

[2] The Government did not submit a proposed surreply to aid in the court's consideration
of the request.

For these reasons, the court grants Hyundai's motion for leave to file a reply and denies the Government's request to file a surreply.

## II. The Administrative Record is Incomplete

### A. Legal Framework

The court's review of the *Final Results* is limited to the record upon which Commerce's determination is based.  *See* 19 U.S.C. § 1516a(b)(1)(B)(i) and (b)(2); *cf. Camp v. Pitts*, 411 U.S. 138, 142 (1973) (stating that the administrative record is the "focal point" of the court's review).  The administrative record is defined to include "all information presented to or obtained by the [agency] . . . during the course of the administrative proceeding."  19 U.S.C. § 1516a(b)(2)(A)(i); *see also* USCIT Rule 73.2(a)(1).

The administrative record is not necessarily "those documents that the agency has compiled and submitted as 'the' administrative record"; rather the administrative record "consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position."  *F. Lli De Cecco Di Filippo Fara San Martino S.P.A. v. United States* ("*F. Lli De Cecco*"), 21 CIT 1124, 1128–29, 980 F. Supp. 485, 488–89 (1997) (citation omitted) (denying the agency's motion to strike affidavits because the affidavits constituted part of the record).

The court will consider matters outside of the administrative record submitted by the agency when "there has been a strong showing of bad faith or improper behavior on the part of the officials who made the determination or when a party demonstrates that

there is a *reasonable basis* to believe the administrative record is incomplete."[3]  *F. Lli*

*De Cecco*, 21 CIT at 1226, 980 F. Supp. at 487 (citation omitted).

### B.  Parties' Arguments

    Hyundai argues that because the Commerce analyst reviewed the Test Report

and the Name Plate, both documents should have been included in the record.  *See*

Hyundai's Mot. at 2 (citing 19 U.S.C. § 1516a(b)(2)(A)(i)).  Hyundai avers that without

the Test Report and the Nameplate, the record is incomplete, thereby frustrating judicial

review of the *Final Results*.  *See id.* at 4.  Hyundai also argues that the court should

allow the documents to be added to the record pursuant to the "bad faith or improper

behavior" exception.  *See id.* at 5 (citing *Jacobi Carbons AB v. United States*, 41 CIT

___, ___, 222 F. Supp. 3d 1159, 1194 (2017)).

    The Government argues that the versions of the documents attached to

Hyundai's motion differ materially from the versions presented to Commerce at

verification.  *See* Gov't's Resp. at 5–6 (asserting that the "nameplate" pages of the

---

[3] Defendant-Intervenors urge the court to deny Hyundai's motion to supplement the record because the court may only allow supplementation of the record in limited circumstances, which are not present here.  *See* Def.-Ints.' Resp. at 4 (citing as examples instances when "there is new, changed, or extraordinary information that was not available during the investigation, or when the party makes a strong showing of bad faith or improper behavior by agency decision makers").  Defendant-Intervenors are mistaken.  Hyundai asserts that the record submitted by Commerce is *incomplete,* not that the court should supplement an otherwise complete record.  *See* Hyundai's Mot. at 1 (asserting that documents are missing from the record).  As Defendant-Intervenors are aware, the court may "order completion . . . of the record in light of clear evidence that the record was not properly designated or [on] the identification of reasonable grounds that documents considered by the agency were not included in the record." Def.-Ints.' Resp. at 5 (quoting *JSW Steel (USA) Inc. v. United States*, Slip Op. 20-111, 2020 WL 4515923, at *6 (CIT Aug. 5, 2020)).

documents were not offered and are not referenced in the table of contents).  The

Government argues further that if Hyundai had offered the versions of the documents

attached to its motion and explained how the documents support its contention that the

LPT at issue was produced in the United States, Commerce would have included such

an explanation in the verification report.  *See id.* at 6.  The Government also argues that

Commerce appropriately declined to accept the documents that Hyundai attempted to

place in the record because the documents (in the form submitted at verification) were

not responsive to Commerce's request for information supporting Hyundai's contention

that the LPT at issue was produced in the United States.  *See id.* at 7.  Finally, the

Government argues that Hyundai has not satisfied its burden of demonstrating that

Commerce's behavior was improper.  *See id.* at 10; *see also* Def.-Ints.' Resp. at 8–9.

### C. Analysis

The record is defined to include all the information "presented or obtained" by

Commerce during the administrative review.  19 U.S.C. § 1516a(b)(2)(A)(i); USCIT Rule

73.2(a)(1).  While Commerce may exclude certain documents from the record, *see e.g.,*

*Acciai Speciali Terni S.p.A. v. United States*, 24 CIT 1211, 1214–15, 120 F. Supp. 2d

1101, 1104 (2000) (affirming Commerce's exclusion of untimely filed sales information),

nevertheless, the record is not limited to information that Commerce finds convincing or

plans to rely on for its determination, to the exclusion of information which Commerce

finds unconvincing or chooses not to rely on.  The substantial evidence standard of

review demands a broad approach to the record because it requires Commerce to

consider evidence that "fairly detracts" from the agency's findings.  *Universal Camera*

*Corp. v. N.L.R.B.,* 340 U.S. 474, 488 (1951); *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351 (Fed. Cir. 2006).  Here, the court finds that the administrative record is incomplete because it lacks information presented to and evaluated by Commerce officials in relation to the agency's decision regarding the place of production for the LPT in question.

First, the Government concedes that the Commerce analyst requested, obtained, and considered a version of the Test Report and Nameplate but did include them in the exhibits to the verification report.  *See* Gov't's Resp. at 10; DeMoss Decl. ¶ 3; Drury Decl. ¶ 3.  Under these circumstances, the analyst's consideration of the documents was sufficient to trigger Commerce's obligation to include the documents presented to him in the administrative record.  *See* 19 U.S.C. § 1516a(b)(2)(A)(i) (requiring Commerce to include in the administrative record "*all information presented to or obtained by* the [agency] . . . during the course of the administrative proceeding") (emphasis added); USCIT Rule 73.2(a)(1).  Therefore, without the documents, the administrative record is incomplete.

 Second, the court rejects the Government's contention that the versions of the documents attached to Hyundai's motion to supplement the record materially differ from the versions presented to Commerce.  *See* Gov't's Resp. at 5–6.  As discussed above, the record should have included the documents provided in response to the Commerce

analyst's request.  Commerce's failure to include those documents deprives the court of

a credible basis upon which evaluate the Government's contention.[4]

Third, excluding the documents in question from the administrative record would

frustrate meaningful judicial review.  The documents at issue relate to Commerce's

finding that the LPT in question was produced in Korea rather than the United States.

While the Government asserts that the documents only speak to where the LPT was

tested and not where it was produced, *see* Gov't Resp. at 11, as Hyundai notes, the

verification report indicates that many of Hyundai's customers travel to Korea to observe

the testing of LPTs prior to shipment to the United States, suggesting a relationship

between the place of production and the place of testing, *see* Hyundai's Reply at 6; *see*

*also* [Hyundai's] Submission of the Test Report Reviewed by the Dep't at Verification

(Dec. 30, 2019) at 2, ECF No. 37-3 (asserting that the Test Report shows the LPT was

produced in Alabama).  Thus, excluding the documents inhibits the court's ability to

determine whether the record supports Commerce's finding that Hyundai failed to

provide documentation supporting its contention that the LPT in question was produced

in the United States.[5]  *See* I&D Mem. at 6–8.

---

[4] The Government avers that the declarations by the analysts establish that the
documents attached to Hyundai's motion to supplement the record differ from those
provided at verification.  *See* Gov't Resp. at 7–8; *see also* DeMoss Decl. ¶¶ 5–6; Drury
Decl. ¶¶ 5–6.  Hyundai, however, offers a declaration attesting that the documents
attached to its motion are copies of the documents reviewed by Commerce at
verification.  *See* Becker Decl. ¶ 5.  The court does not have a basis to find one
declaration more credible than another.

[5] The Government appears to argue that the court should deny Hyundai's motion to
supplement the administrative record based on Commerce's discretion to reject
untimely submitted new factual information.  *See* Gov't Resp. at 8, 12.  However,
Commerce requested additional documentation at verification and then declined the

Court No. 20-00108                                                      Page 11

Because the court finds that the administrative record is incomplete, the court

need not consider whether to allow supplementation based on the "bad faith or improper

behavior" exception.  *See Jacobi Carbons*, 222 F. Supp. 3d at 1194.

CONCLUSION AND ORDER

 In accordance with the foregoing, it is hereby

**ORDERED** that Hyundai's motion for leave to file a reply (ECF No. 37) is

granted; and it is further

**ORDERED** that Hyundai's motion to supplement the record (ECF No. 28) is

granted and the court accepts the two documents attached thereto (ECF No. 28-2) as

part of the administrative record.

The court will contact the parties to schedule a status conference.


                                        /s/    Mark A. Barnett
                                            Mark A. Barnett, Judge


Dated: October 30, 2020
        New York, New York

---

proffered information as non-responsive to its request for information on the location of
the LPT's production.  *See, e.g.*, DeMoss Decl. ¶ 3.  Commerce did not reject the
documents at verification as untimely new factual information.  In this situation, the court
is not intruding upon the agency's authority to enforce its regulatory deadlines; rather,
under the circumstances presented here, documents that the analysts considered
irrelevant to their verification exercise are asserted to be relevant to the court's review.
The court is unable to review the agency's determination, including that of the analysts'
finding that the documents were not determinative of the production location of the LPT
in question, in the absence of the documents themselves.