Slip Op. 20-160

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HYUNDAI ELECTRIC & ENERGY SYSTEMS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> ABB ENTERPRISE SOFTWARE INC. AND SPX TRANSFORMER SOLUTIONS, INC., <br><br> Defendant-Intervenors. | Before: Mark A. Barnett, Judge <br> Court No. 20-00108 |

## OPINION AND ORDER

[Granting Defendant's request to remand the U.S. Department of Commerce's final results in the sixth administrative review of the antidumping duty order on large power transformers from the Republic of Korea.]

Dated: November 9, 2020

David E. Bond, William J. Moran, and Ron Kendler, White & Case LLP, of Washington, DC, for Plaintiff Hyundai Electric & Energy Systems Co., Ltd.

Kelly A. Krystyniak, Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States.  With her on the brief were Jeffery Bossert Clark, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and L. Misha Preheim, Assistant Director.  Of counsel on the brief was David W. Richardson, Senior Counsel, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

R. Alan Luberda, David C. Smith, and Melissa M. Brewer, Kelley Drye & Warren LLP, of Washington, DC, for Defendant-Intervenors ABB Enterprise Software Inc. and SPX Transformer Solutions, Inc.

Court No. 20-00108                                                                                                          Page 2

Barnett, Judge: This matter is before the court on Defendant United States' ("the Government") request for a remand of the U.S. Department of Commerce's ("Commerce" or "the agency") final results of the sixth administrative review of the antidumping duty order on large power transformers (or "LPTs") from the Republic of Korea.  *See* Docket Entry (Nov. 6, 2020), ECF No. 50; *see generally Large Power Transformers From the Republic of Korea*, 85 Fed. Reg. 21,827 (Dep't Commerce Apr. 20, 2020) (final results of antidumping duty admin. review; 2017–2018) ("*Final Results*"), ECF No. 24-4, and accompanying Issues and Decision Mem., A-580-867 (Apr. 14, 2020), ECF No. 24-5.

On October 30, 2020, the court granted Plaintiff Hyundai Electric & Energy Systems Co., Ltd.'s ("Hyundai") motion to supplement the record with two documents. *See Hyundai Elec. & Energy Sys. Co. v. United States*, Slip Op. 20-153, 2020 Ct. Int'l Trade LEXIS 166 (CIT Oct. 30, 2020); *see generally* Confidential Pl.'s Mot. to Supp. the Record ("Hyundai's Mot."), ECF No. 28.  The court accepted as part of the records two documents presented at verification.  *See Hyundai Elec. & Energy*, 2020 Ct. Int'l Trade LEXIS 166, at *12; *see generally* Hyundai's Mot., Attachs. 1 & 2.  These documents are alleged to speak to the place of production of one of Hyundai's LPTs.  Questions about that place of production had led Commerce to rely on total adverse facts available (or "total AFA") to determine Hyundai's margin.  *See* Hyundai's Mot.  Because Commerce had declined to accept these documents at verification, they had not been included in the administrative record and were not addressed in the Issues and Decision Memorandum.

Court No. 20-00108                                                                                                    Page 3

Following the issuance of *Hyundai Electric & Energy*, the court held a telephonic conference during which the Government requested a remand for Commerce to address the documents in the first instance and, if necessary, reconsider its reliance on total AFA.  Docket Entry (Nov. 6, 2020), ECF No. 50.  None of the other Parties objected to the Government's remand request.  *Id*.

When an agency determination is challenged in the courts, the agency may "request a remand (without confessing error) in order to reconsider its previous position" and "the reviewing court has discretion over whether to remand."  *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).  Remand is appropriate "if the agency's concern is substantial and legitimate," but "may be refused if the agency's request is frivolous or in bad faith."  *Id*.  "A concern is substantial and legitimate when (1) Commerce has a compelling justification, (2) the need for finality does not outweigh that justification, and (3) the scope of the request is appropriate."  *Hyundai Heavy Indus. v. United States*, 43 CIT ___, ___, 393 F. Supp. 3d 1293, 1300 (2019) (quoting *Changzhou Hawd Flooring Co. v. United States*, 38 CIT ___, ___, 6 F. Supp. 3d 1358, 1361 (2014)).

Here, the Government's remand request satisfies the three criteria, and thus, is supported by substantial and legitimate concerns.  First, the Government espouses a compelling reason for the remand request: to address two documents which could impact Hyundai's margin.  *Cf. Tri Union Frozen Prods., Inc. v. United States*, 40 CIT ___, ___, 163 F. Supp. 3d 1255, 1312 (2016) (finding that a compelling justification "to correct a potentially erroneous calculation of a dumping margin").  Second, the need to

Court No. 20-00108 Page 4

accurately calculate Hyundai's margin is not outweighed by the interest in finality because the Government promptly requested the remand following the court's ruling, recognizing that Commerce did not address the documents in the *Final Results*. Third, the scope of the remand is appropriate. The Government requests a remand to address the documents that could affect the agency's reliance on total AFA. Thus, it is appropriate to remand the *Final Results* with respect to Hyundai to allow Commerce to consider the documents and modify its determination as necessary.

### CONCLUSION AND ORDER

In accordance with the foregoing, it is hereby

**ORDERED** that Commerce's *Final Results* are remanded to the agency to consider the documents subject to the court's opinion in *Hyundai Electric & Energy* and, as necessary, reconsider the agency's reliance on total AFA to determine Hyundai's margin; and it is further

**ORDERED** that Commerce shall file its remand results on or before February 12, 2021; and it is further

**ORDERED** that subsequent proceedings shall be governed by USCIT Rule 56.2(h).

/s/     Mark A. Barnett
Mark A. Barnett, Judge

Dated: November 9, 2020
New York, New York